IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                 Case No. 19-10071-JWB

JOSE LUIS RIOS-HERNANDEZ,

      Defendant.

## **MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to suppress. (Doc. 12.) The motion has been fully briefed and the court held an evidentiary hearing on September 5, 2019. (Docs. 13, 19.) Defendant's motion to suppress is DENIED for the reasons herein.

**I.**     **Facts**

The court finds the following facts from the evidence presented at the hearing. On February 27, 2019, Kansas Highway Patrol Trooper R.P. Krause was patrolling on Interstate 70 in Thomas County, Kansas. Krause's patrol vehicle was stationary on a median and facing westbound. At approximately 4:15 p.m., Krause observed a sport utility vehicle ("SUV") traveling eastbound. A Volkswagen Jetta (the "Jetta") was traveling directly behind the SUV. As the vehicles passed Krause, he observed that the Jetta was traveling approximately two car lengths, or less than one second, behind the SUV. They were traveling at approximately 70 to 75 miles per hour. Krause testified that the Jetta was not driving at a safe distance at that speed because the average reaction time is 1 1/2 seconds and that a safe traveling distance is one car length for every ten miles per hour of speed. Because of their positions, Krause believed that the Jetta was travelling with the SUV. Krause was going to stop the Jetta but wanted to first pull up to both vehicles and check the

number of occupants and run the license plates. Krause testified that he took this action for officer safety. He was also looking to see if the occupants were wearing seat belts.

Krause testified that both vehicles reduced their speed after passing his patrol car. The Jetta also backed off of the SUV and began driving at a reasonable distance from the SUV. As Krause pulled up alongside the Jetta, he observed that the windows had very dark tint. The tint was so dark that Krause could not see the driver of the Jetta. Krause then pulled up next to the SUV and observed that it was occupied by a sole female driver. The SUV had a temporary Colorado tag. Krause attempted to run the tag but he did not get a return. This is not uncommon for Colorado temporary tags. The Jetta had Nevada license plates.

Krause decided to pull up ahead of the vehicles to find a safe place to wait and stop the Jetta. Krause drove ahead and pulled to the side of the highway. As soon as the vehicles passed Krause on the highway, Krause activated his lights. This action also activated his recording system, which begins recording sound and also captures video, but not audio, from the two minutes prior to the time the recording system was activated. As shown at the hearing, the video began recording after Krause had pulled in front of both vehicles on the highway and, as a result, did not capture the Jetta at the time it was driving only two car lengths behind the SUV, which occurred when the vehicles initially passed Krause while he was in the median.

The Jetta pulled off of the highway in response to Krause's lights. Krause approached the passenger side of the Jetta and informed Defendant, who was driving the Jetta, that he was being pulled over because his window tint was too dark and he was following the SUV too closely. Ultimately, Defendant consented to a search of the Jetta.[1] The Jetta was taken to the Oakley

---

[1] Although Defendant initially argued in his motion that his detention was unreasonable and that his consent was involuntary, Defendant withdrew those arguments at the hearing. Defendant stated that the only issue that is contested is whether the initial stop was justified.

2

Kansas Department of Transportation building that was located at the next exit. Once there, Krause tested the window tint on the Jetta with a tint meter. The test result showed that only 2% of light was being transmitted through the driver side window. Upon a search of the Jetta, approximately 1000 grams of heroin was discovered.

Defendant has now moved to suppress the drugs seized from his vehicle on the basis that the initial stop violated the Fourth Amendment.

**II.  Analysis**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has liberally interpreted "seizures" to encompass routine traffic stops, "even though the purpose of the stop is limited and the resulting detention quite brief." *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979). An initial traffic stop is justified at its inception if "an officer has (1) probable cause to believe a traffic violation has occurred, or (2) a reasonable articulable suspicion that a particular motorist has violated any of the traffic or equipment regulations of the jurisdiction." *United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009). "Reasonable suspicion requires that an officer provide 'some minimal level of objective justification.'" *United States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004) (citing *I.N.S. v. Delgado*, 466 U.S. 210, 217 (1984)). This requires only "a showing considerably less than preponderance of the evidence." *Id.* at 1263 (citing *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)).

In this case, the facts show that the traffic stop was justified. Kansas law states that a "driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." K.S.A. § 8-1523. Krause testified that Defendant was following the SUV at a

distance of only two car lengths and traveling at a speed of 70 to 75 miles per hour. Although there is no recording that shows this conduct, the court finds that Krause's testimony was credible and uncontradicted. Krause further testified that a reasonable and prudent distance would be one car length for every ten miles per hour. At 70 miles per hour, a car should travel approximately seven car lengths behind another car.

An "officer's observation of a vehicle traveling at a high speed and close distance from the preceding vehicle, while not necessarily sufficient to convict, is sufficient to provide a reasonable suspicion to effectuate a traffic stop." *Vercher*, 358 F.3d at 1263. Krause's testimony regarding what is a reasonable and prudent distance to follow is consistent with testimony in other cases and the Kansas Driving Handbook. *Id.*; *United States v. Lopez-Guzman*, 246 F. Supp. 2d 1155, 1158 (D. Kan. 2003) (vehicle should be one car length away for every 10 m.p.h. or two seconds behind), *aff'd*, 145 F. App'x 627 (10th Cir. 2005); *United States v. Clay*, No. 17-40119-DDC, 2018 WL 3872169, at *6 (D. Kan. Aug. 15, 2018) (vehicle following another vehicle only two to three lengths behind on the highway). Krause's observation provided him with reasonable suspicion that Defendant was in violation of Kansas law. *Vercher*, 358 F.3d at 1259, 1261-63 (reasonable suspicion to effectuate a traffic stop when vehicle was only two car lengths behind the preceding vehicle). The court concludes that Krause had reasonable suspicion to believe that Defendant had violated K.S.A. § 8-1523.

Although Krause also stopped Defendant for a violation of K.S.A. 8-1741, the court need not address the arguments raised regarding this reason for the stop as it has determined that the stop was lawful under § 8-1523. *See United States v. Winder*, 557 F.3d 1129, 1135, n. 1 (10th Cir. 2009) (upon a finding that an officer obtained reasonable suspicion that a defendant violated a traffic law, the court need not consider whether there was reasonable suspicion under another

4

traffic law); *United States v. Callarman*, 273 F.3d 1284, 1287 (10th Cir. 2001); *United States v. Acevedo*, No. 16-40109-DDC, 2017 WL 3437690, at *6 (D. Kan. Aug. 10, 2017)(court need not consider whether there was reasonable suspicion that defendant also violated § 8-1741 after finding reasonable suspicion under § 8-1523(a)).

**III.    Conclusion**

Defendant's motion to suppress is DENIED (Doc. 12).

IT IS SO ORDERED this 6th day of September, 2019.

                                                            s/ John W. Broomes
                                                            JOHN W. BROOMES
                                                            UNITED STATES DISTRICT JUDGE